## Kost v. The Estate of Amin and Family Health Services Center

*Irwin B. Wedner,* for plaintiff.

*William D. Phillips* and *Linton L. Moyer,* for defendants.

FRANKSTON, *Administrator,* November 9, 1981—On August 24, 1981, Mary C. Amin, Executrix of the Estate of Vikram D. Amin, M.D., deceased (hereinafter referred to as "the executrix") filed preliminary objections to plaintiff's complaint. Three issues were raised. First, should the complaint naming "The Estate of Vikram D. Amin, Deceased" be dismissed, because it failed to name Mary C. Amin, the executrix of the estate of Dr. Amin? Second, can the mother of an injured patient recover for negligent infliction of emotional distress? Third, can plaintiff recover for breach of warranty of due care without alleging the existence of a special or express contract with Dr. Amin?

Plaintiff has filed opposition to all the preliminary objections. On September 14, 1981, plaintiff also filed a petition to correct caption of complaint to read:

JOAN B. KOST, parent and natural guardian of ERICH KOST, a minor, and in her own right, Plaintiff

v.

MARY C. AMIN, EXECUTRIX OF THE ESTATE OF DR. VIKRAM D. AMIN, DECEASED, and FAMILY HEALTH SERVICES CENTER, Defendants

The executrix filed opposition to plaintiff's petition. We shall resolve both the executrix's preliminary objections and the plaintiff's petition to correct caption of complaint at this time.

This action had its origin in an appointment which plaintiff Joan B. Kost and her son, Erich, had with co-defendant Family Health Services Center (hereinafter "Family Health") on May 7, 1979. At that time, Joan Kost and Erich, then 15 years old, received poison ivy immunizations. The Kosts were examined by Dr. Vikram D. Amin, who allowed the

nurse to inject the Kosts with poison ivy serum. While the Kosts were walking from the examining area to the front desk, Erich suffered anaphylactic shock in reaction to the serum, lost consciousness and fell to the floor striking his head. Basically, plaintiff contends defendants are liable for (1) negligence in administering the serum and in treating Erich when he suffered his reaction and (2) failure to obtain informed consent for the immunization.

First, we must determine if plaintiff's complaint must be dismissed, because plaintiff named "The Estate of Dr. Vikram D. Amin, Deceased" as a defendant rather than instituting the action against "Mary C. Amin, Executrix Of The Estate Of Dr. Vikram D. Amin." The exectrix contends that plaintiff should have her complaint dismissed and be denied permission to amend the caption of her complaint to include the executrix, because the statute of limitations ran for plaintiff's claim against the estate of Dr. Vikram D. Amin of July 2, 1981. See Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. §3383.

A chronology of events set forth in the record will prove helpful. On May 7, 1979, the alleged medical malpractice occurred. Dr. Amin died on July 2, 1980.

On April 22, 1981, copies of notice complaints, which like writs of summons merely toll the statute of limitations, were mailed by certified mail to Dr. Amin (at his office) and to Family Health. See 37 Pa. Code §§171.23 through 171.25. The notice complaint to Dr. Amin was returned to the sender. On April 24, 1981, plaintiff's counsel mailed a copy of the notice complaint addressed to "Mary C. Amin, Executrix of The Estate Of Vikram D. Amin, deceased," at her home. A copy of the return receipt card, attached to plaintiff's affidavit of service, shows that Mary C. Amin signed for the letter on

April 30, 1981. See affidavit of service, filed by plaintiff on May 4, 1981.

The copy of the notice complaint served on the executrix names the "Estate of Dr. Vikram D. Amin, Deceased, and Family Health Services Center" as defendants, but was directed, "To: Mary D. Amin, Executrix of the Estate of Vikram D. Amin, Deceased".

As with a writ of summons, a notice complaint requires no responsive pleading, but merely informs a defendant of the claim.

On May 4, 1981, the original notice complaints were received by our office. On May 11, 1981, the counsel for Family Health entered his appearance and praeciped for a rule to file a complaint, which was issued on May 13, 1981. The Rule was served by counsel for Family Health on the plaintiff on June 1, 1981.

After an extension granted by counsel for Family Health, a factual complaint, with a notice to defend, was filed on July 20, 1981, by plaintiff again naming "The Estate of Dr. Vikram D. Amin, Deceased, and Family Health Services Center" as defendants, but with no allegations of liability against the executrix. While plaintiff's counsel indicated a copy was being served on counsel for Family Health, there is no indication when or if a copy was served upon the executrix.

However, a copy of the complaint was apparently received by counsel for the executrix, who filed preliminary objections and a notice of appearance de bene esse on August 24, 1981. On September 14, 1981, plaintiff filed a petition to correct caption of complaint and an amended complaint incorporating the proposed changes. Family Health has not filed any papers on any of the issues now being addressed.

We commend counsel for plaintiff and for executrix for the extensive relevant case authority provided on the issue. Unfortunately, the courts do not agree on the result. The controversy centers around 20 Pa.C.S.A. §3373, which provides that: "An action or proceeding to enforce any right or liability which survives a decedent may be brought by or against his personal representative alone or with other parties as though the decedent were alive."

While the executrix relies on several court decisions in support of her position (see, e.g., Casner v. Fisher, 22 D. & C. 2d 1 (1960), the modern trend in the appellate courts is to disregard the plaintiff's technical error in naming the estate as defendant rather than the executrix of the estate. The key decision is Erksa v. Schriver, 113 Pitts. L.J. 154 (1964), affirmed per curiam, 205 Superior Ct. 746, 209 A. 2d 444 (1965), cited with approval in Estate of Gasbarini v. Medical Center of Beaver County, 487 Pa. 266, 272, 409 A. 2d 343, 346 (1979).

In Erksa, Judge Cercone, then sitting in the court of common pleas, permitted plaintiff to amend the caption of the complaint after the statute of limitations ran to change it from "Estate of William C. Shriver, Deceased, Defendant" to "John E. Schriver, Administrator of the Estate of William C. Shriver, Deceased, Defendant." The court of common pleas reviewed relevant Pennsylvania Supreme Court decisions and determined that the amendment should be permitted, because the amendment will not add "'another and distinct party'" nor enlarge the "'assets subject to liability.'" Erksa, 113 Pitt L.J. at 155.

As in Erksa, the executrix is no stranger to the record. She was timely served with a copy of the notice complaint, which was directed to the executrix, commencing the action. While the fac-

tual complaint contains averments against " . . . Defendant Dr. Vikram D. Amin, now deceased," "The Estate Of Dr. Vikram D. Amin" is named in the caption of the notice complaint as well as in the factual complaint.

Accordingly, the motion to strike complaint for lack of conformity to law and/or petition challenging jurisdiction are overruled. Plaintiff's petition to correct caption of complaint is granted.

Second, we determine that the demurrer to plaintiff-mother's claim for negligent infliction of emotional distress is overruled. The executrix refers to several appellate court decisions which permitted claims for negligent infliction of emotional distress where (1) plaintiff was located near the scene of the accident, (2) the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, and (3) plaintiff and victim were closely related: Sinn v. Burd, 486 Pa. 146, 404 A. 2d 672 (1979); Hoffner v. Hodge, 47 Pa. Commonwealth Ct. 277, 407 A. 2d 940 (1979).

The boundaries of liability for negligent infliction of mental distress under the Sinn rule have not been clearly established. Finding that foreseeability is the key to liability, the Supreme Court in Sinn set down the three conditions which must be satisfied. In Yandrich v. Radic, 495 Pa. 243, 433 A. 2d 459 (1981), an evenly divided court refused to back away from those requirements.

In the instant case, the executrix contends that the second element of a claim for emotional distress is missing, in that Mrs. Kost did not aver that she personally observed the immunization which caused her son later to go into shock. We reject this argument in that Mrs. Kost alleged that she personally saw her son go into shock, lose conscious-

ness and strike his head on the floor. We hold this to be a sufficient allegation of sensory and contemporaneous observance of "the accident." It was this sight, not her viewing of the immunization, which allegedly caused Mrs. Kost's "extreme emotional distress and mental anguish" and forms the basis for that claim.

Third, the demurrer to plaintiff's claims for breach of warranty to use due care is overruled. We agree with the executrix that plaintiff may not recover for breach of warranty of a cure or guaranty of a cure, because plaintiff failed to allege and attach a special contract in writing, as required by section 606 of the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, 40 P.S. § 1301.606; Mason v. Western Pennsylvania Hospital, 286 Pa. Superior Ct. 354, 428 A. 2d 1366 (1981); Pa.R.C.P. 1019(h). However, we note that plaintiff did not allege breach of a warranty of cure or result in the complaint. Rather, the averments at issue are basically claims for breach of warranty to use due care, which do not require a special or express contract. See McKlveen v. Latrobe Area Hospital, 12 D. & C. 3d 712 (A.P.H.C. 1979); Lazevnick v. General Hospital of Monroe County, Inc., 12 D. & C. 3d 715 (A.P.H.C. 1979).

Accordingly, we enter the following

ORDER

And now, November 9, 1981, upon consideration of the preliminary objections, filed by the executrix on August 24, 1981, the petition to correct caption of complaint, filed by plaintiff on September 14, 1981, and the remainder of the record, it is hereby ordered and decreed that the preliminary objections are overruled. It is further ordered and de-

creed that the petition to correct caption of complaint is granted. Plaintiff is granted leave to file her amended complaint. The caption of this action is amended to read:

JOAN B. KOST parent and natural guardian of ERICH KOST, a minor, and in her own right, plaintiff

v

MARY C. AMIN, EXECUTRIX OF THE ESTATE OF DR VIKRAM D. AMIN, DECEASED, and FAMILY HEALTH SERVICES CENTER, Defendants

Defendants are granted 20 days from the date this order is certified from the record to file any pleadings in response to plaintiff's amended complaint, filed September 14, 1981. It is further ordered and decreed that we are of the opinion that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter.