## Adams v. City of Harrisburg

*Joseph Melillo*, for plaintiff.

*Roger T. Shoop and Timothy I. Mark*, for defendant.

MORGAN, *J.*, January 18, 1982 — On June 14, 1981, we sustained defendants' demurrer to the complaint because it failed to set forth a cause of action upon which relief could be granted under the Political Subdivision Tort Claims Act (Act of

November 26, 1978, P.L. 1399, 53 P.S. §5311.101 et seq.; see Act of Oct. 5, 1980, P.L. 693, 42 Pa. C.S.A. §8542). In making that ruling we took the following averments of the complaint to be admitted:

"On the evening of May 24, 1979, Lorraine Peterson heard an object strike her front door at 1840 North Street in Harrisburg. At about 2:00 a.m. in the morning of May 25, 1979, Mrs. Peterson's daughter was shot by her boyfriend at the daughter's residence in another part of the City. Mrs. Peterson went to the hospital to see her daughter and while there told the Harrisburg police that something had been thrown against her door earlier in the evening. The object that struck Mrs. Peterson's door was a hand grenade which some unidentified party later carried across the street where, at about 12:30 p.m. on May 25, 1979, it was picked up by a four year old boy and exploded, killing him and injuring his brother."

Plaintiffs were granted leave to amend and defendants have filed a demurrer to the amended complaint. Again the demurrer must be sustained.

The only averments added to the complaint were (1) that the time at which Mrs. Peterson heard the object strike her door was at 11:30 pm on May 24, 1979; (2) that the sound she heard when the object struck her door was a metallic thud; and (3) that she told the police at the hospital that she had been threatened previously by her daughter's boyfriend and was converned because she believed that he had thrown the object at her door.

There is nothing whatever in these averments that leads us to change our earlier ruling which we explained as follows:

"In this suit, the parents of the children assert that the Harrisburg police were negligent in failing

to investigate Mrs. Peterson's report of an object having been thrown against her door and that this negligence was a legal cause of the harm to their children.

"According to plaintiffs, they have asserted a liability claim which falls within those provisions of the Act which grant a limited waiver of immunity for a dangerous condition of streets and sidewalks. We must disagree. Even if we read the Complaint to allege that the grenade was on the street or sidewalk — and the pleading is vague on this point — the Act also provides that 'the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the *political subdivision had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition* at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.' (Emphasis added.) To argue that had the police investigated Mrs. Peterson's report of something having been thrown against the door they might have discovered the grenade does not allege circumstances from which the defendants could reasonably be charged with notice of the fact that there was a hand grenade lying on the street or sidewalk across from her house. This is not, as argued by plaintiffs, like Mistacka v. Commonwealth of Pennsylvania, 46 Pa. Commw. 267, 408 A.2d 159 (1979) where the complaint averred at least 26 similar incidents of rock throwing upon motorists at the same location which had been reported to the police over a two-year period. Where a complaint shows on its face that the claim is devoid of merit, a demurrer should be sustained. Hoffman v. Misericordia Hospital of Philadelphia, 439 Pa. 501, 267 A.2d 867 (1970)."

In our earlier disposition of this case we did not discuss our conclusion that the complaint also failed to state a cause of action under common law principles. The amended complaint is similarly deficient and we will explain why.

In this suit, the parents of the two Adams children claim that the Harrisburg police were negligent in failing to investigate Mrs. Peterson's report and that this negligence was the legal cause of the harm to their children. No negligence claim can be based, however, upon a state of facts on which the law does not impose a duty upon the defendant in favor of the plaintiff. Macina v. McAdams, 280 Pa. Super. 115, 421 A.2d 432 (1980). Here plaintiff fails and the failure is so abject that it merits little discussion.

The duty of a municipality to provide police protection is a public one which may not be claimed by an individual unless a special relationship exists between the municipality and the individual. A special relationship is generally found to exist only in cases in which an individual is exposed to a special danger and the authorities have undertaken the responsibility to provide adequate protection for him. Chapman v. City of Philadelphia, et al., 290 Pa. Super. 281, 434, A.2d 753 (1981); Berlin v. Drexel University, 10 D.&C. 3d 319 (1979); see also Liability of Municipality or Other Governmental Unit for Failure to Provide Police Protection, 46 A.L.R. 3d 1084.

It is not over-simplification to say that plaintiffs base their claim on an alleged failure of the Harrisburg police to investigate information that an object had been thrown against the door of a house across the street. The occupant, a Mrs. Peterson, did not know what the object was and it is not averred that she ever asked for an investigation of the incident.

This is not a claim from which it is possible to infer that any special relationship existed between the City and plaintiffs' parents or their children giving rise to a duty beyond that owed to the public in general.

One other matter remains to be discussed. Plaintiffs in Paragraph 22 and 36 of the Amended Complaint seek recovery for emotional stress and psychological damage as parents arising out of the harm to their children, although it is not alleged that they witnessed the accident or were anywhere near it. These claims do not lie. See Yandrich v. Radic, 495 Pa. 243, 433 A.2d 459 (No. 80-2-323, July 10, 1981).

Leave to amend a defective pleading should not be denied when there is a reasonable possibility that the defects can be cured, but plaintiffs have been granted one such opportunity and have not indicated that they can do more.

## ORDER

And now, January 18, 1982, defendants' demurrer is sustained and the complaint is dismissed.