## Weidner v. Sacred Heart Hospital

*William J. Fries*, for plaintiffs.
*Nancy Kattelman Busch*, for defendant.

DAVISON, *J.*, November 4, 1982—The issue of extending recovery for negligent infliction of emotional distress is raised here. Specifically, defendant Ismail Nabati's preliminary objections challenge the claim of plaintiffs Emery and Mary Weidner for emotional distress allegedly precipitated by injury suffered by their incompetent adult son, David Thomas Weidner. The complaint avers that, subsequent to surgery performed on David, defendants were negligent in failing to adequately restrain and supervise him during his post-operative recovery, during which time David forcibly removed his own sutures. These events necessitated a second operation and ultimately resulted, it is alleged, in permanent injury to David's digestive and excretory system, to the physical, emotional, and pecuniary detriment of he and his parents. We will permit the claim to go forward.

Under what circumstances there may be recovery for negligent infliction of emotional distress is a rapidly evolving area of law in Pennsylvania and

many other jurisidictions. It is clear that the "impact rule" is no longer inviolate. In Sinn v. Burd, 486 Pa. 146, 404 A. 2d 672 (1979), the Supreme Court abandoned the zone of danger test set forth in Niederman v. Brodsky, 436 Pa. 401, 261 A. 2d 84 (1970), which had restricted recovery for emotional distress to situations "where the plaintiff was in personal danger of physical impact because of the direction of a negligent force against him and where plaintiff actually did fear the physical impact." Id. at 413, 261 A. 2d at 90. The Sinn court instead looked to the traditional tort concept of foreseeability to determine the extent to which recovery for emotional distress would be allowed: Sinn v. Burd, supra at 170, 404 A. 2d at 684. See Horton v. Reinsmith, 39 Lehigh 472, 475 (1982); Yandrich v. Radic, 495 Pa. 243, 433 A. 2d 459 (1981) (opinion in support of reversal).

Quoting Dillon v. Legg, 68 Cal. 2d 728, 740, 69 Cal. Rptr. 72, 81, 441, P. 2d 912, 921 (1968), Justice Nix in Sinn stated:

[T]he fixing of obligation, intimately tied into the facts, depends upon each case . . . .

[T]he court will determine whether the accident and harm was *reasonably* foreseeable. Such reasonable foreseeability does not turn on whether the particular defendant as an individual would have in actuality foreseen the exact accident and loss; it contemplates that courts, on a case-to-case basis, analyzing all the circumstances, will decide what the ordinary man under such circumstances should reasonably have foreseen. The courts thus mark out the areas of liability, excluding the remote and unexpected.

Sinn v. Burd, supra at 171, 404 A. 2d at 685. (Emphasis in the original.)

In Sinn, the court ultimately held the emotional distress suffered by a mother who witnessed the death of her child to constitute a foreseeable injury setting forth a valid cause of action. As in many of the reported decisions addressing recovery for negligent infliction of emotional distress, Sinn presented the factual situation where the complainant witnessed a close relative being struck by an automobile. See, e.g., Yandrich v. Radic, supra; Niederman v. Brodsky, supra; Scarf v. Koltoff, 242 Pa. Superior Ct. 294, 363 A. 2d 1276 (1976); Horton v. Reinsmith, supra; Anfuso v. Smith, 44 North 203 (1980). Perhaps more analogous to the present case, however, is the situation presented in Speck v. Finegold, 497 Pa. 77, 439 A. 2d 110 (1981), wherein the alleged negligence of two physicians in attempting to perform a vasectomy and an abortion contributed to the birth of a child with inherited genetic defects. The Supreme Court evenly divided on the question whether the infant could bring an action for "wrongful life," leaving intact the Superior Court's dismissal of that claim. However, the Supreme Court did allow the parents to proceed with an action to recover for both medical expenses and emotional distress incurred as a result of the birth of the child.

Although four opinions were filed, none of the Justices participating in Speck argued against the validity of the parents' action for emotional distress. The lead opinion by Justice Flaherty stated: "[S]ince the alleged injury (mental distress at having to be the parent of a defective, diseased child) was foreseeable, mental distress damages should be recoverable also." Id. at 84. The opinion authored by Justice Roberts observed:

As to appellants' counts relating to their own pecuniary losses and emotional distress, I would, on the

peculiar facts presented, permit the action to proceed to trial. In seeking the medical services of both physicians, appellants specifically sought to avoid the possibility that they would bear a third child suffering from the crippling disease which their two children had already inherited. Pecuniary losses, including those damages flowing from the rearing of the third child, are beyond question included within the natural and probable consequences of appellees' allegedly wrongful acts, and emotional distress is a foreseeable risk within the contemplation of the parties which is properly chargeable to appellees. See Restatement, 2d, Contracts §§351 and 353 (1981).

Appellees, of course, should be permitted to introduce evidence that the damages flowing from the rearing of the third child are outweighed by the benefits of joy, companionship, and affection which a child can provide.

See Restatement, 2d, Torts, §920 (1979). Indeed, had a normal, healthy child been born, the trial court might well have properly dismissed that portion of the complaint seeking recovery for damages flowing from the rearing of the third child. Here, however, as the third child has inherited the crippling disease, a jury question is clearly presented as to the extent of the net harm. See also Berman v. Allan, 80 N.J. 421, 404 A. 2d 8 (1979).

Similarly, here the emotional distress allegedly suffered by the parent-plaintiffs was reasonably foreseeable under the circumstances. It is not unreasonable to contend that defendants knew or should have been aware that the injuries incurred by David Weidner during his post-operative recovery might well lead to his parents' emotional distress. Thus, if plaintiffs are able to demonstrate that negligence on the part of defendants was responsible for Da-

vid's injuries, they should be afforded a chance to present their claim for resultant emotional distress to a jury. "It is fundamental that one may seek redress for every substantial wrong, and that a wrongdoer is responsible for the natural and probable consequences of his misconduct." Speck v. Finegold, 439 A. 2d at 113 (opinion of Flaherty, J.); Sinn v. Burd, supra; Niederman v. Brodsky, supra.*

Although not necessarily irreconcilable with our holding herein, the line of cases relating to the recovery for emotional distress occasioned by the witnessing of a close relative being struck by an automobile involve somewhat different considerations than does the case at bar. While recovery for emotional distress in the former circumstance is predicated upon the anguish induced by the sudden realization that a loved one has been killed or injured, the facts alleged here additionally suggest the emotional distress of parents who strive to grapple with day-to-day realities of caring for a permanently injured incompetent adult son. See Berman v. Allan, 404 A. 2d at 17-19 (Handler, J., concurring in part and dissenting in part). Indeed, cases like the one at bar may be less susceptible to policy arguments that seek to limit the availability of relief for the negligent infliction of emotional distress. In any event, it would be premature to foreclose parents from the opportunity to present their case.

## ORDER

Now, November 4, 1982, after argument, upon consideration of the briefs of counsel, and for the

---

*We reject defendant's contention that we should deny plaintiffs' claim for emotional distress lest we "open the floodgates" and cause our courts to be inundated by similar claims for relief. See Sinn v. Burd, supra at 162-63, 404 A. 2d at 680-81.

reasons set forth in the accompanying opinion, it is ordered that defendant Ismail Nabati's preliminary objections to plaintiffs' complaint in the nature of a motion to strike and/or demurrer be and the same are hereby denied and dismissed; said defendant may, if he desires, file an answer on the merits within 20 days.