## Davidson v. Graybill

*William A. Atlee,* for plaintiff.
*George C. Werner,* for defendant.

ECKMAN, *J.,* February 14, 1985 — Presently before the court are the preliminary objections in the nature of a demurrer filed by defendants, James H. Graybill and Paul K. Graybill, to Counts III and IV of the complaint filed by plaintiff, Erma M. Davidson, as administratrix of the estate of Robert J. Davidson, and in her own right.

Plaintiff filed a four-count complaint against defendants on June 1, 1984. On June 26, 1984, defendants filed the instant preliminary objections. Briefs having been submitted by the parties and the preliminary objections are ready for disposition.

This lawsuit arises out of an automobile accident in which plaintiff's husband was struck and killed by an automobile owned by defendant, Paul K. Graybill, and operated by defendant, James H. Graybill. Defendants demur to Counts III and IV of plaintiff's complaint, which seek recovery against defendants for negligent infliction of emotional distress.

This court is guided by well-established principles when ruling upon the sufficiency of a demurrer. "[P]reliminary objections to a complaint in the nature of a demurrer admit every well pleaded material fact [contained in the complaint], plus all reasonable inferences therefrom." International Union of Operating Engineers v. Linesville Construction Company, 457 Pa. 220, 224, 322 A.2d 353 (1974). The demurrer should be granted only when it "appear[s] with certainty that, upon the facts averred, the law will not permit recovery by the plaintiff."

Schott v. Westinghouse Electric Corporation, 436 Pa. 279, 291, 259 A.2d 443 (1969).

A review of the complaint discloses that on June 15, 1983, James H. Graybill was operating an automobile owned by Paul K. Graybill in the area of Lexington Road, Penn Township, Lancaster County, Pa. While driving the automobile, James H. Graybill was acting as an agent, servant or employee of Paul K. Graybill and within the scope of the agency relationship. At approximately 5:14 p.m. on June 15, 1983, plaintiff's husband, Robert J. Davidson, was crossing Lexington Road when he was struck by the automobile driven by James H. Graybill. As a result of this accident, Robert J. Davidson was killed. At the time of the accident, plaintiff was inside the family residence, which is located near the scene of the accident. Plaintiff came upon the scene of the accident immediately after it occurred. As a direct and proximate result of plaintiff's observation of her husband's condition and the accident scene, plaintiff suffered and continues to suffer severe and extreme pain, shock and emotional distress for which she seeks recovery.

Defendants assert that plaintiff has failed to state a cause of action for negligent infliction of emotional distress because plaintiff's complaint does not allege that plaintiff actually witnessed the accident. We agree.

The Pennsylvania Supreme Court, in a plurality opinion, adopted the foreseeability approach to the problem presented by a bystander's attempt to recover for negligent infliction of emotional distress. Sinn v. Burd, 486 Pa. 146, 404 A.2d 672 (1979). In Sinn, a mother, who had visually observed an automobile driven by the defendant strike her daughter, brought suit against defendant to recover emotional

distress damages. Justice Nix, in the plurality opinion, held:

"[w]here the bystander is a mother who witnessed the violent death of her small child and the emotional shock emanated directly from personal observation of the event . . . as a matter of law . . . the mental distress and its effects is a foreseeable injury." Sinn v. Burd, supra, 486 Pa. at p. 173. In footnote 15, Justice Nix narrowed the scope of Sinn by stating, ". . . [o]ur decision today is limited solely to those cases in which the plaintiff alleges psychic injury as a result of actually witnessing defendant's negligent act." Sinn v. Burd, supra, 486 Pa. at pp. 166-167 (n. 15). [Emphasis supplied.]

In determining whether the emotional distress suffered by plaintiff was foreseeable, Justice Nix emphasized the importance of the foreseeability standard first outlined by the California Supreme Court in Dillon v. Legg, 68 Cal.2d 728, 69 Cal. Rep. 72, 441 P.2d 912 (1968). The factors to be considered under this approach are:

"(1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it. (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence. (3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship." Sinn v. Burd, 486 Pa. at pp. 170-171, citing Dillon v. Legg, supra, 69 Cal. Rep. at p. 80.

Applying this analysis to the facts presented in the complaint of the case before us, we find that plaintiff was located near the scene of the accident and that plaintiff and the victim were closely relat-

ed. The second factor, i.e., "whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident," is more difficult to assess. Contrary to the allegations contained in plaintiff's brief, the complaint does not allege that plaintiff heard the screech of automobile brakes at the time of the accident.[1] Rather, the complaint merely alleges that "[t]he plaintiff came upon the scene of the accident and injury to her husband immediately after the accident that occurred."

The Montgomery County Court recently described "the essence of the tort" for which recovery is permitted under Sinn v. Burd as "the emotional shock and consequent injury caused by witnessing the *moment of impact*." See Mazzagatti v. Everingham, 112 Montg. Co. L. Rep. 419, 423 (1983). (Emphasis in the original.) Instantly, the complaint fails to allege that plaintiff witnessed the accident. We find that the emotional distress for which plaintiff seeks redress resulted more from the

---

1. Even if these facts were pleaded, we would be inclined to sustain defendants' demurrer. Sinn v. Burd, supra, was a plurality decision which contained a narrow and very limited holding, as well as its Pennsylvania progeny. The plurality opinion emphasized the significance of the fact that Mrs. Sinn actually witnessed defendant's negligent act. Sinn v. Burd, supra, 486 Pa. at pp. 166-167 (n. 15). Furthermore, then Chief Justice Eagen, in his concurring opinion, concluded that in order to recover for negligent infliction of emotional distress, the bystander plaintiff must have actually *viewed* the accident. Sinn v. Burd, supra, 486 Pa. at p. 174 (Eagen, C.J., concurring) [Emphasis supplied.] We believe that a strict and literal reading of Sinn requires that the bystander plaintiff visually observe defendant's negligent act in order to recover for negligent infliction of emotional distress. See also Hildebrandt v. State Farm Mutual Automobile Insurance Company, 68 Lanc. L. Rev. 394 (1982).

natural grief and feelings of loss suffered as a result of the death of a loved one[2] than from "the sensory and contemporaneous observance of the accident." As Justice Roberts noted in his dissenting opinion in Sinn v. Burd, supra:

"[E]ven the law must recognize that not every human loss arising out of another's conduct constitutes a legal injury for which compensation shall be available." Sinn v. Burd, supra, 486 Pa. at p. 175. (Roberts, J., dissenting) citing Prosser on Torts, 4th Ed., §1 (1971).

Plaintiff urges us to follow the rationale offered by several other trial courts which extend the precise holding of Sinn to permit recovery in cases where the bystander plaintiff was not an eyewitness to defendant's negligent act. See e.g., Bliss v. Allentown Public Library, 497 F.Supp. 487 (E.D., Pa. 1980); Kratzer v. Unger, 17 D. & C. 3d 771 (1981); Anfuso v. Smith, 15 D. & C. 3d 389 (1980). Although we do not denigrate the severity of the emotional distress which plaintiff experienced and continues to experience over the loss of her husband, and even though we are most sympathetic with her request for relief, we are constrained to follow a strict and literal application of Sinn. Accordingly, we find that in order for a bystander plaintiff to recover for negligent infliction of emotional distress under Sinn v. Burd, supra, plaintiff must allege that her emotional distress resulted from a visual observation of defendant's negligent act.

---

2. This type of loss, known as solatium, is not compensable in damages under the common law. The Pennsylvania Supreme Court apparently has followed the common law view. See Yandrich v. Radic, 495 Pa. 243, 250, 433 A.2d 459 (1981) (Nix, J., opinion in support of affirmance); Sinn v. Burd, supra, 486 Pa. at p. 152, n.3.

For the foregoing reasons, we enter the following

## ORDER

And now, February 14, 1985, the court hereby sustains the demurrer filed by defendants, James H. Graybill and Paul K. Graybill, to Counts III and IV of the complaint filed by plaintiff, Erma M. Davidson, in her own right. Plaintiff is granted 20 days from the date of this order to file amended Counts III and IV of the complaint in accordance with the foregoing opinion, if she so desires.