## McNally v. Etnoyer (No. 2)

*Catherine M. Mahady-Smith,* for plaintiff.

*Christopher S. Mattson,* for defendant Lancaster General Hospital.

PEREZOUS, *J.,* July 19, 1988 — Presently before the court are the preliminary objections of defendant Lancaster General Hospital in the nature of a demurrer to claim III (paragraph 105 through 112) of the amended complaint filed by plaintiffs, Joyce A. McNally and Lewis C. McNally, on January 29, 1988. The issue presented is whether plaintiffs have stated cognizable claims for negligent infliction of emotional distress. This court recently addressed this issue and made a ruling applicable to the instant defendant in an opinion involving this same case but a different defendant. In deciding the preliminary objections of defendant John J. Etnoyer, M.D., to plaintiff's amended complaint, we noted:

"Defendants [Lancaster General] Hospital, [Eastbrook Family Health] Center, and [Dr. Ivan B.] Leaman have also filed preliminary objections to plaintiff's claim for negligent infliction of emotional distress, which although not assigned for disposition, will be governed by this discussion and ruling." *McNally v. Etnoyer,* 1 D.&C. 4th 372, 376 (1988). The instant objections were assigned to us for disposition to our decision on the Etnoyer objections. Since the hospital has raised one argument not addressed by our initial decision,[*] we will consider it here.

In paragraph 4 of its demurrer, the hospital maintains that plaintiffs have failed to allege that they suffered any *physical injury* as a result of their emotional distress. Although paragraph 112 of the amended complaint alleges that plaintiffs "sustained considerable emotional trauma, pain and suffering and a claim is made therefore," the hospital contends that such a pleading is not sufficiently specific with regard to any compensable bodily injury, if any, which plaintiffs may have suffered. Consequently, it asks us to dismiss this theory of recovery. For reasons which follow, we will refrain from so doing.

In the benchmark case of *Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979), the defendant motorist drove into and killed the plaintiff/mother's daughter while the girl was standing on the curb in front of their home and while the plaintiff observed from the porch. Mrs. Sinn alleged in her claim for negligent infliction of emotional distress that she consequently "[s]uffered a shock to her nerves and ner-

---

[*] We addressed the other issue raised by the hospital, — that of "contemporaneous observation" — in our first *McNally* decision.

vous system, and sustained grievous mental pain and suffering resulting in severe depression and an acute nervous condition [and that, a]s a result of the foregoing, [she] was required to expend considerable money for medications and/or tranquilizers, and may be required to expend considerable sums for the treatment of her resulting injuries and mental suffering in the future." *Id.* at 151, 404 A.2d at 674-5. Burd demurred on grounds which included the argument that Mrs. Sinn had failed to aver that she suffered physical injury due to her emotional distress. The Supreme Court of Pennsylvania, in a plurality opinion written by (now Chief) Justice Nix, characterized that plaintiff's damages claim as being "for the *emotional* injuries she sustained as a result of witnessing the accident. "*Id.* at 151-2, 404 A.2d at 675. (emphasis supplied) After analyzing the Pennsylvania case law on this subject, Justice Nix stated: "Advancements in modern science leads us to further conclude that psychic injury is capable of being proven despite the absence of a physical manifestation of such injury." *Id.* at 160, 404 A.2d at 679. The court cited with approval an opinion of the Supreme Court of Hawaii in referring to the requirement of physical injury as "another synthetic device to guarantee the genuineness of the claim" and as "another artificial bar to recovery" which should be admissible as evidence of the degree of damages suffered rather than as a required element of the cause of action. *Id.*; see *Leong v. Takasaki*, 55 Haw. 398, 520 P.2d 758 (1974).

After reviewing the law of foreseeability and the duty of tort-feasors toward interested third parties, the *Sinn* court held that the mother had averred a recoverable injury. *Id.* at 173, 404 A.2d. at 686. In so doing, the court stated:

"Regardless of whether Mrs. Sinn will be ultimately successful in recovering the damages she sustained, we believe . . . 'the gravity of appellant's injury and the inherent humanitarianism of our judicial process and its responsiveness to the current needs of justice dictate that appellant be afforded a *chance* to present [her] case to a jury and perhaps be compensated for the injury she has incurred[.]'" *Id.* at 173-4, 404 A.2d at 686 (quoting *Niederman v. Brodsky,* 436 Pa. 401, 404, 261 A.2d 84, 85 (1970). (emphasis in original) Chief Justice Eagen, in a concurring opinion, would have limited liability to a plaintiff who additionally suffers a consequent physical injury or manifestation from her distress. *Id.* at 174, 404 A.2d at 687 (Eagen, *C.J.,* concurring). Furthermore, Justice Roberts, in an opinion joined by Justice O'Brien, noted that the "physical injuries" alleged by Mrs. Sinn really only revealed a claim for emotional, not physical, injuries and so dissented to protest the abandonment of a physical manifestaiton requirement. See *Id.* at 176-7, 404 A.2d at 687-8 (Roberts, *J.,* dissenting).

The hospital argues that *Yandrich v. Radic,* 495 Pa. 243, 433 A.2d 459 (1981), clarifies the position of our Supreme Court on this issue. There, Justice Nix characterized *Sinn* as involving a claim by a witnessing plaintiff who "sustained emotional shock resulting in mental as well as physical injuries[.]" *Id.* at 249, 433 A.2d at 462 (Nix, *J.,* opinion in support of affirmance). We are not persuaded that this statement must be taken as overriding the lengthy analysis and holding in *Sinn.*

Initially, we note that the Nix opinion in *Yandrich* was not joined by any other member of the court. Furthermore, the *Yandrich* decision, an affirmance by a three-three vote, is not one of which the rule of stare decisis can be successfully invoked and so is

386

not binding precedent. See *Griel's Estate,* 171 Pa. 412, 33 Atl. 375 (1895); see also, *Scibilia v. Philadelphia,* 79 Pa. 549, 124 Atl. 273 (1924) (a divided court and a strong dissenting opinion serve to materially weaken a case as an authority). Therefore, we believe that the Superior Court's repeated reliance on Justice Nix's opinion in *Yandrich,* rather than upon the true facts, legal analysis, and foresighted conclusions of law reached in *Sinn,* has been misplaced. See, e.g., *Halliday v. Beltz,* 356 Pa. Super. 375, 514 A.2d 906 (1986). We choose to follow the opinion of the Supreme Court of Pennsylvania in *Sinn* in holding that their emotional distress also manifested itself through compensable physical injuries.

Accordingly, we enter the following

## ORDER

And now, July 19, 1988, for the reasons set forth in the attached opinion, it is hereby ordered that the preliminary objections of defendant Lancaster General Hospital in the nature of a demurrer to the amended complaint of plaintiffs Joyce A. McNally, individually and as administratrix of the estate of Charlene L. McNally, and Lewis C. McNally, be dismissed.

