**Ahner v. Bauder**

*Stephen W. Furst,* for plaintiffs.
*James D. Rawlings II,* for defendant.

LAVELLE, *P.J.,* September 13, 1988 — In this action for personal injuries to a child and negligent infliction of emotional distress to the child's parents, we have before us defendant's motion for partial summary judgment. Defendant argues that since plaintiff-parents did not witness the accident which injured their son and produced their emotional trauma, they do not have a viable claim for negligent infliction of emotional distress under *Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979).

After carefully considering the parameters of *Sinn* and its progeny, we grant the motion for partial summary judgment.

## FACTS OF THE CASE

During the early morning of August 2, 1984, defendant, Allen S. Bauder, was driving an automobile northbound on Route 209 in Lehighton, Carbon County, Pennsylvania. At approximately 12:05 a.m., defendant's vehicle collided with the home of plaintiffs, Willard A. Ahner and Bonnie Ahner (parents) and Matthew D. Ahner (child), located at 215 Bankway in Lehighton. As a result of the crash, the child suffered a head injury. The parents, located in an adjoining room of the apartment, heard the impact of defendant's vehicle against the building, but they did not personally witness the accident.

The parents did, however, see their injured child immediately after the accident and rendered first aid.

## DISCUSSION

Our disposition of a motion for summary judgment is well-circumscribed by the Pennsylvania Rules of Civil Procedure. Such a motion may be properly granted only "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b).

In the present case, the record reveals that there are no genuine issues of material fact concerning the parent's claim for negligent infliction of emotional distress. The sole question presented is one of law, namely whether or not one who has not witnessed the traumatic event, but instead witnessed the immediate aftermath of that accident, can sustain an action for negligent infliction of emotional distress under *Sinn v. Burd, supra.*

In the seminal case of *Sinn v. Burd,* the Pennsylvania Supreme Court adopted a three-part "foreseeability test" to determine whether a plaintiff could sustain an action for negligent infliction of emotional distress:

"(1) whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it.

"(2) Whether the shock resulted from a direct emotional impact upon the plaintiff from the *sensory and contemporaneous observance* of the accident as contrasted with learning of the accident from others after its occurrence.

"(3) Whether plaintiff and the victim were closely related as contrasted with an absence of any relationship or the presence of only a distant relationship." *Sinn v. Burd* at 170-1, 404 A.2d at 685, citing *Dillon v. Legg,* 69 Cal. Reptr. at 80, 441 P.2d at 920 (1968). (emphasis supplied)

In the present case, after careful examination of the record, we are satisfied that parts one and three of the test are met. The parents, located in an adjoining room, were near the scene of the accident as opposed to a distance away. Further, a parent-child relationship is clearly a sufficiently close relationship for purposes of our analysis. See *Sinn, supra.* Thus, disposition of the instant motion turns upon step number two in the analysis, specifically, whether the parents experienced a "sensory and contemporaneous observance" of the accident that injured their son.

Our independent research of the *Sinn* progeny has not revealed any cases which are factually apposite to the case at bar. However, our reading of the relevant case law makes clear that Pennsylvania courts have not permitted recovery for negligent infliction of emotional distress where the claimant did not actually witness the infliction of the harm. For example, in *Yandrich v. Radic,* 495 Pa. 243, 433 A.2d 459 (1981), the Supreme Court of Pennsylvania concluded that a plaintiff who did not witness his son's accident, but arrived at the hospital shortly after notification of the accident, could not recover under *Sinn v. Burd.* Moreover, we note the *Yandrich* Court stated that "[i]n *Sinn, . . .* the plurality strictly limited its decision to those cases in which the injured party had actually witnessed the defendant's negligent act". *Id.* at 246, 433 A.2d at 460. Similarly, in *Hackett v. United Airlines,* 364 Pa. Super. 620, 528 A.2d 971 (1984), a surviving daugh-

ter based her cause of action for negligent infliction of emotional distress upon the observance of the damage sustained by the casket and her deceased mother's body. In that case, the Superior Court, applying *Sinn*, denied the daughter's claim because she did not witness the damage when it occurred.

The instant case presents a compelling case for expanding recovery under *Sinn v. Burd* for claimants who do not have a "contemporaneous observance" of the traumatic event. However, as the *Hackett* Court appropriately stated, "[c]aselaw to date has only permitted recovery for negligent infliction of distress . . . where the claimant has *actually witnessed* the negligent infliction of harm. Until such time that the Supreme Court chooses to extend recovery as now requested . . . we are constrained from extending recovery. . . ." *Hackett, supra*. (emphasis supplied) Chastened by this language, we feel constrained not to expand the doctrine of *Sinn v. Burd* and its progeny beyond its present parameters.

Based on the foregoing, we enter the following

## ORDER

And now, September 13, 1988, it is ordered and decreed that the motion for partial summary judgment of defendant, Allen S. Bauder, be and is hereby granted.