495 A.2d 575

**Douglas BROOKS, Individually and as Guardian Ad Litem for Christopher D. Brooks, Appellant,**

**v.**

**Ann Widmann DECKER and Sue Carol Decker, Appellees.**

Superior Court of Pennsylvania.

Argued Nov. 9, 1984.

Filed June 28, 1985.

Petition for Allowance of Appeal Granted Nov. 12, 1985.

498

Henry A. Goodall, Jr., Bellefonte, for appellant.

James M. Horne, State College, for appellees.

Before WICKERSHAM, WIEAND and DEL SOLE, JJ.

WIEAND, Judge:

Christopher Brooks was riding a bicycle when he was struck by a vehicle owned by Sue Decker and operated by Ann Decker. Douglas Brooks, the father of Christopher, commenced an action on his own behalf and as guardian ad litem for his son to recover damages from both the owner and operator of the offending vehicle. The complaint contained three counts. The first count stated the minor's claim for personal injuries; the second count stated a claim for medical expenses incurred by the father; and the third count stated a separate claim for the father's mental distress. The third count averred that Douglas Brooks had not seen the accident occur but had arrived at the scene of

the accident and observed his injured son before the son had been removed by ambulance to the hospital. The first count was settled with court approval for $50,000.00. The second count was settled by payment of medical bills to the father. The defendants filed preliminary objections in the nature of a demurrer to the father's separate cause of action for his own mental distress. The trial court sustained these preliminary objections and dismissed the third count of the complaint because Douglas Brooks had not witnessed the accident which injured his son and also because the father's action for his own injuries was barred by his failure to meet the statutory threshold requirements of section 301(a)(5) of the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. § 1009.-301(a)(5). Brooks appealed. We affirm.

■ The order sustaining preliminary objections in the nature of a demurrer to the third count of the complaint was consistent with the present state of the law in this Commonwealth. A parent does not have a legally recognized cause of action for negligently inflicted emotional distress caused by injuries to a child inflicted by an accident which the parent did not observe. See: *Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979). See also: *Yandrich v. Radic,* 495 Pa. 243, 433 A.2d 459 (1981) (affirming by evenly divided court the decision of the Superior Court reported at 286 Pa.Super. 626, 427 A.2d 247 (1980)). Accord: *Vattimo v. Lower Bucks Hospital Inc.,* 59 Pa.Cmwlth. 1, 428 A.2d 765 (1981), *aff'd in part and rev'd in part,* 502 Pa. 241, 465 A.2d 1231 (1983) (recovery for emotional distress not at issue in appeal to Supreme Court). See generally: Annot., 5 A.L.R.4th 833 (1981). If, as appellant contends, the law should now be changed to allow such a cause of action, that change must come from the Supreme Court.

■ In this case, moreover, a separate action to recover for appellant's emotional distress was barred by Section 301 of the No-fault Motor Vehicle Insurance Act, *supra,* 40 P.S. § 1009.301, which abolishes tort liability for injuries arising from the maintenance or use of a motor vehicle unless

certain threshold requirements are met. In the instant case, the averments of the complaint disclose that the appellant-father did not meet those threshold requirements. Therefore, a separate action for his mental and emotional distress cannot be maintained. In holding as we do, we reject appellant's argument that he can rely upon the fact that the separate claim of his son met threshold requirements sufficient to allow a tort action for his injuries. The father's claim for emotional distress is a separate cause of action; it is not derivative of the son's right to recover for his injuries. To maintain a tort action for the father's alleged injuries, it was necessary that he establish independently that his claim was allowed by the No-fault Motor Vehicle Insurance Act.

We conclude on review, therefore, that the order of the trial court was correctly entered.

Order affirmed.

DEL SOLE, J., files a dissenting opinion.

DEL SOLE, Judge, dissenting:

I respectfully dissent.

In my view, the time has arrived when Pennsylvania courts should recognize a cause of action for emotionally-based physical injuries caused from harm or threatened peril to a third person with whom the plaintiff holds a special relationship, whether or not the plaintiff actually witnesses the accident or comes upon the scene shortly thereafter.

Looking to other jurisdictions, the majority of courts do deny recovery in these cases. However, several jurisdictions have recognized the need to allow a cause of action for such tortious conduct and resulting harm.

Prior to 1968, nearly all courts in the U.S. denied recovery for emotionally initiated physical injury which was caused by concern over a third person where the plaintiff looked on from a point of safety and was not threatened himself. W. Prosser, Torts § 54, at 334 (4th ed. 1971). What emerged

was the "Zone of Danger" test and worked to deny recovery for bodily harm "caused by emotional distress arising solely from harm or peril to a third person, unless the negligence of the actor has otherwise created an unreasonable risk of bodily harm to the ... [plaintiff]." Restatement (Second) of Torts § 313(2) (1965). California broke from tradition by permitting an action on behalf of a mother who was standing out of danger and witnessed her minor child's death in an auto accident caused by defendant's negligent conduct thereby resulting in the mother's emotional disturbance, nervous shock and physical harm. *Dillon v. Legg*, 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912 (1968). Pennsylvania followed suit by abandoning the zone of danger test and recognizing an action by a mother seeking to recover for physical and emotional injuries incurred when she saw, from a point of safety, her minor child struck by an auto. *Sinn v. Burd*, 486 Pa. 146, 404 A.2d 672 (1972). Foreseeability of harm was considered central in whether or not to allow recovery. The *Dillon* Court set forth several factors to be considered in determining forseeability which were adopted by Pennsylvania in *Sinn*. They were:

1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it.

2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident from others after its occurrence.

3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship. *Dillon v. Legg*, 68 Cal.Rptr. at 80, 441 P.2d at 920 *Sinn v. Burd*, 486 Pa. 146, at 171, 404 A.2d 672, at 685.

The *Sinn* Court limited its holding: "Where the bystander is a mother who witnessed the violent death of her small child and the emotional shock emanated directly from personal observation of the event, we hold as a matter of law

that the mental distress and its effects is a forseeable injury." *Sinn*, 486 Pa. 146, at 173, 404 A.2d 672, at 686.

Here, the majority declines to consider the claim based on its belief that the present law does not recognize plaintiff's claim and that any change must come from the Supreme Court. What the majority fails to recognize, however, is that the language of the Supreme Court in *Sinn*, limited its holding by means of a footnote. The Court said:

> [W]e need not here consider the case where the mother is notified of the accident by another. Nor do we consider the situation where the relationship between the plaintiff-bystander an the accident victim is more remote. These are questions which may properly be left for another day. Jurisprudentially, the remote and unexpected can best be excluded by reaching these issues on a more appropriate record. *Id.*, 486 Pa. 146, at 173 n. 21, 404 A.2d 672, at 686 n. 21.

Leaving the issue clearly open, the Supreme Court next decided the case where a father sought to recover damages for negligent infliction of emotional distress from the driver of the auto which struck and killed his son and where the father neither witnessed the accident nor was in the immediate vicinity thereof but instead came to the scene after the son was taken to the hospital. In denying recovery, the Court carefully framed the issue:

> The father did not witness his son's accident, nor was the father in the immediate vicinity; of the accident scene. After being informed of the accident, the father hurried to the scene only to learn that his son had already been taken to the hospital. *Yandrich v. Radic*, 495 Pa. 243, 245, 433 A.2d 459, 460 (1981) (affirming by evenly divided court the decision of the Superior Court reported at 286 Pa.Super. 626, 427 A.2d 247 (1980)).

The Supreme Court noted that the facts did not meet the first two of the three forseeability factors adopted in *Sinn*.

We are here presented with a case which would decide a question clearly left unresolved by the Supreme Court. I would entertain the issue.

In *Dziokonski v. Babineau,* 375 Mass. 555, 380 N.E.2d 1295 (1975), the Massachusetts Supreme Court considered a case factually similar to the present one. A child alighted from a vehicle which was being operated as a school bus and, as the child was crossing the street, defendant's vehicle struck and fatally killed the child. The child's mother, who lived close by, came to the accident scene, and died while accompanying her daughter to the hospital. In ruling in favor of a cause of action for emotional distress damages caused by the defendant's negligence, the Court approved the reasoning of a California court stating: "Manifestly, the shock of seeing a child severely injured immediately after the tortious event may be just as profound as that experienced in witnessing the accident itself." *Archibald v. Braverman,* 275 Cal.App.2d 253, 79 Cal.Rptr. 723 (1963), *See: Dziokonski v. Babineau,* 380 N.E.2d at 1300. The Court found that the mother's injuries were compensable if proved. The father also alleged emotionally based physical harm, but he did not state in his pleading the circumstances of his injury. The Court allowed a cause of action for the father if his claim was substantiated.

In *Corso v. Merrill,* 406 A.2d 300 (New Hampshire, 1979), the New Hampshire Supreme Court permitted the parents of an 8-year-old child to proceed to trial for emotional distress damages resulting from the sensory observation of an auto accident which permanently crippled the child. While in the kitchen, the child's mother heard a "terrible thud" outside and then observed the injured child on the ground. The father heard his wife scream and followed her to aid the child. The court ruled that even though the mother did not actually see the accident, "[h]er auditory perceptions and her immediate observance of the accident are sufficient facts to meet the test of forseeability and state a cause of action." *Corso,* 406 A.2d at 307. Also, the father was found to have alleged a compensible injury "because he heard his wife scream and immediately saw his daughter seriously injured, it can be said that he contemporaneously perceived the accident for he 'was brought so

close to the reality of the accident as to render [his] experience an integral part of it.' " *Corso,* 406 A.2d at 307; *Landreth v. Reed,* 570 S.W.2d 486, 490 (Tex.Civ.App.1978).

Texas has recently recognized a cause of action for mental anguish by the mother of a minor child injured when his motorcycle collided with a pickup truck although the mother did not witness the accident. Instead, the mother came to the hospital and caught glimpses through a cracked door of her child's bloody legs while physicians were attending him. *Sanchez v. Schindler,* 651 S.W.2d 249 (Tex.1983).

Lastly, Massachusetts has extended recovery to cases in which the plaintiff rushed to the hospital where the injured loved one is being treated. *Ferriter v. Daniel O'Connell's Sons, Inc.,* 381 Mass. 507, 413 N.E.2d 690 (1980). The court reasoned that:

A plaintiff who rushes onto the accident scene and finds a loved one injured has no greater entitlement to compensation for that shock than a plaintiff who rushes instead to the hospital. So long as the shock follows closely on the heels of the accident, the two types of injury are foreseeable. *Ferriter,* 413 N.E.2d at 697.

Most recently, however, the Massachusetts Appellate Court denied recovery to a mother who suffered emotionally-based injuries when she rushed to the scene of an accident mistakenly believing that the child injured was hers. Forseeability, the Court found, did not extend to this situation. *Barnes v. Geiger,* 15 Mass.App. 365, 446 N.E.2d 78 (1983).

Based on the fact that a father, approaching vicinity of his home, sees an ambulance speed by and then notices his son's bicycle lying in the street and finally observing his injured child at the accident scene, I would hold that he may have suffered emotional trauma as if he'd witnessed the accident. I would permit the Appellant to proceed to trial. The father's injuries, if proved, were forseeable in light of the negligence of Appellees. This would be a natural extension of the principles established in *Sinn.*

I would also find that Appellant's claim is not barred for reasons of failing to qualify in his own right for the threshold damage requirements established under the No-Fault Motor Vehicle Insurance Act, 40 P.S. § 1009.301. Because the father's injuries were caused by and dependent upon his son's injuries, the son's damages should apply for the purposes of meeting the requirements of No-Fault. It is similar to spousal claims for loss of consortium. I do not find that the Act was intended to preclude emotionally-based physical injuries such as this if the threshold was otherwise met. For these reasons, I respectfully dissent.