516 A.2d 1380

**Douglas BROOKS, Individually and as Guardian ad litem for Christopher D. Brooks, Appellants,**

**v.**

**Ann Widmann DECKER and Sue Carol Decker, Appellees.**

Supreme Court of Pennsylvania.

Argued May 16, 1986.

Decided Oct. 31, 1986.

H. Amos Goodall, Jr., State College, for appellants.

James Michael Horne, State College, James J. McCabe, Philadelphia, for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

*OPINION*

NIX, Chief Justice.

This appeal presents an issue identical to that recently addressed by this court in *Mazzagatti v. Everingham,* 512 Pa. 266, 516 A.2d 672 (1986), wherein we held that a plaintiff who does not experience a contemporaneous observance of tortious injury to a close relative does not state a cause of action for the negligent infliction of emotional distress under the parameters enunciated in *Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979).

## I.

The facts of the instant case are similar to those of *Mazzagatti, supra,* in that the plaintiff-parent did not witness the accident itself, but arrived at the accident scene a few minutes afterwards. In the early afternoon of July 22, 1980, as appellant, Douglas Brooks, drove to his home in Park Forest Village, an ambulance passed him and turned onto the street where he lived. The ambulance stopped shortly thereafter where a crowd of people had gathered. Appellant, who followed the ambulance, noticed a bicycle that belonged to his son, Christopher, on the ground. As appellant exited his vehicle to investigate, he discovered that Christopher had been the victim of an automobile accident. Christopher had been riding his bicycle when he was struck by a vehicle owned by appellee Sue Decker and operated by appellee Ann Decker. Appellant accompanied his son to the hospital in an ambulance. Christopher was comatose for ten days following the accident, and has suffered permanent severe brain damage as a result of the accident.

Appellant brought a claim for emotional distress alleging in Count III [1] of his complaint:

25. As a result of the injuries to his son and coming upon the scene of the accident, Douglas Brooks was

---

1. Counts I and II of the complaint entailed a claim for Christopher's personal injuries and a claim for medical expenses. Both have been settled and are not subjects of this appeal.

terrified and sustained feelings of helplessness, anger and frustration, and as a result has gone through a grieving or mourning process.

26. Currently he suffers mild to moderate levels of anxiety and depression and feelings of helplessness. R. at 8a.

Appellees filed preliminary objections in the nature of a demurrer to Count III on the grounds that:

(a) it fails to allege that Plaintiff Douglas Brooks witnessed his son's accident;

(b) it fails to allege that Plaintiff Douglas Brooks witnessed his son's injuries;

(c) it alleges that Plaintiff Douglas Brooks did not witness the accident but only came on the scene after it happened;

(d) it fails to allege that Plaintiff surpasses any of the No-Fault jurisdictional thresholds.[2]

R. at 33a–34a.

Appellant did not file answer to these preliminary objections, and on January 25, 1984, the trial court sustained them, thereby dismissing appellant's complaint. On appeal, the Superior Court affirmed the trial court's ruling. *Brooks v. Decker*, 343 Pa.Super. 497, 495 A.2d 575 (1985). We granted allocatur on November 12, 1985.

**2.** At the time this claim arose, section 301 of the Pennsylvania No-Fault Motor Vehicle Insurance Act, Act of July 19, 1974, P.L. 489, 40 P.S. § 1009.301 (repealed), provided that: "Tort liability is abolished with respect to any injury that takes place in this state in accordance with the provisions of this Act if such injury arises out of the maintenance or use of a motor vehicle ..." with certain specified exceptions. These exceptions include, *inter alia,* damages for non-economic loss if the accident results in death, expenses for reasonable and necessary medical services in excess of $750.00, cosmetic disfigurement which is permanent and irreparable, and physical or mental impairment which prevents the victim from engaging in his usual activities for more than sixty consecutive days. See, 40 P.S. § 1009.-301(a)(5). With regard to Count III brought by appellant in this case on his own behalf, appellant's complaint failed to allege that he met any of the "thresholds" which would permit a suit for such damages. *See* R. at 7a–8a. Further, plaintiff acknowledges that he "did not plead any injuries specified in the Act." Appellant's Brief at page 19.

## II.

Appellant argues before this Court that (1) Count III stated a cause of action for emotional distress, and that (2) where a tortfeasor has caused an accident resulting in injuries to one victim meeting the threshold requirements under section 301 of the Pennsylvania No-Fault Motor Vehicle Insurance Act, *see supra* n. 2, a second victim need not also meet those threshold requirements. Because we find that appellant has failed to plead an action for the negligent infliction of emotional distress, we do not address appellant's second argument.

Appellant premises his argument upon the fact that he has sustained an actual injury upon seeing the broken body of his son, that he was without any fault in the causation of his harm, and that it was caused solely by the defendant driver who struck his son. As appellant himself phrases it, his claim seeks "recovery for a non-physically demonstrable injury by one who was not the direct recipient of tortfeasor's conduct." Appellant's brief at 9. Appellant asks this Court to abolish the policy-based criteria announced in *Sinn v. Burd, supra.* We believe, however, the legal analysis set forth in *Mazzagatti v. Everingham, supra,* is dispositive of the instant case.

Appellant's theory of recovery, which is based primarily upon the fact that he has sustained some emotional injury, ignores several basic principles of tort liability. As we stated in *Mazzagatti, supra,* "[t]hese principles, which require that the defendant's breach of a duty of care proximately cause plaintiff's injury, have established the jurisprudential concept that at some point along the causal chain, the passage of time and the span of distance mandate a cut-off point for liability." *Id.* 512 Pa. at 274, 516 A.2d at 676 (citations omitted).

Were we to accept appellant's argument and hold actionable all emotional trauma causally connected to the defendant's tortious conduct, we would reek upon our society a problem of unlimited or unduly burdensome liability. The criteria set forth in *Sinn v. Burd, supra,* serve as a balance

between a policy of total denial of all such claims for the negligent infliction of emotional distress and a policy of recovery for all who suffer emotional injury, regardless of their proximity to the accident. As we explained in *Mazzagatti, supra:*

> [T]he critical element for establishing such liability is the contemporaneous observance of the injury to the close relative. Where, as here, the plaintiff has no contemporaneous perception of the injury, the emotional distress results more from the particular emotional makeup of the plaintiff rather than from the nature of defendant's actions.

*Id.,* 512 Pa. at 280, 516 A.2d at 679.

While we do not doubt that appellant has sustained feelings of helplessness, anger and frustration, we must once again proclaim that the common law has traditionally denied a damage award for the bereavement and grief caused by the fact of injury to another. *See Mazzagatti v. Everingham, supra,* 512 Pa. at 280, 516 A.2d at 679; *Yandrich v. Radic,* 495 Pa. 243, 250, 433 A.2d 459, 462–63 (1981); *Sinn v. Burd, supra* 486 Pa. at 151–52 n. 3, 404 A.2d at 675 n. 3.

Accordingly, the Order of the Superior Court affirming the judgment entered by the Court of Common Pleas is affirmed.

FLAHERTY, J., joins in this opinion and calls attention to his concurring opinion in *Mazzagatti v. Everingham,* 512 Pa. 266, 516 A.2d 672 (1986).

HUTCHINSON, J., files a concurring opinion.

LARSEN, J., files a dissenting opinion in which PAPADAKOS, J., joins.

PAPADAKOS, J., files a dissenting opinion in which LARSEN, J., joins.

HUTCHINSON, Justice, concurring.

For the reasons stated in my Concurring Opinion in *Mazzagatti v. Everingham*, 512 Pa. 266, 516 A.2d 672 (1986), I concur only in the result reached by the majority.

LARSEN, Justice, dissenting.

For the reasons stated in my dissenting opinion in *Mazzagatti v. Everingham, et al.*, 512 Pa. 266, 516 A.2d 672 (1986), I dissent.

PAPADAKOS, J., joins this dissenting opinion.

PAPADAKOS, Justice, dissenting.

I dissent for the reasons contained in my dissenting opinion, and those expressed by Mr. Justice Larsen in his dissenting opinion, in *Mazzagatti v. Everingham*, (512 Pa. 266, 516 A.2d 372).

LARSEN, J., joins this dissenting opinion.