James L. **BRINKMAN** and Geraldine Brinkman, Plaintiffs,

v.

**SHILEY, INC.**; Pfizer Hospital Products Group, Inc., Successor Corporation of Howmedica, Inc.; and Pfizer, Inc., Defendants.

Civ. A. No. 88–1846.

United States District Court,
M.D. Pennsylvania.

June 7, 1989.

Richard C. Angino, Angino and Rovner, P.C., Harrisburg, Pa., for plaintiffs.

Thomas D. Caldwell, Jr., Caldwell and Kearns, Harrisburg, Pa., and John W. Frazier, IV, James A. Willhite, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., and David Klingsberg, Maris Veidemanis, Kaye, Scholer, Fierman, Hays & Handler, New York City, for Shiley, Inc., Pfizer Hosp. and Pfizer, Inc.

MEMORANDUM

RAMBO, District Judge.

Plaintiffs brought this action alleging defendants are (1) strictly liable under Restatement (Second) of Torts § 402A, for supplying a defective product; (2) liable in negligence; (3) liable for breach of warranty; and (4) in violation of the Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301–392 (1984) (the FDCA). The defendants have filed an answer and a motion for summary judgment. The defendants' statement of undisputed facts (Motion for Summary Judgment, Exhibit 1), sets forth the events underlying the complaint and is adopted for purposes of this memorandum. It suffices to say that plaintiff James L. Brinkman (Mr. Brinkman) underwent a heart valve replacement on June 21, 1982. The mechanical valve involved was a Bjork–Shiley 60° Convexo–Concave prosthetic heart valve manufactured by defendants.

On January 1, 1987, Mr. Brinkman watched the television program "20/20" which contained a segment on the kind of valve placed in Mr. Brinkman. The program discussed incidents of failure or malfunction of the valve. Mr. Brinkman claims he has suffered severe psychic and emotional injuries upon learning the prosthetic valve has potential defects. He seeks recovery for mental suffering, now and in the future; inconvenience in carrying out his daily activities and loss of life's pleasures; prospective medical costs, lost earnings and lost earning capacity; pain and suffering, etc.

Defendants' primary arguments in support of the summary judgment motion are that Mr. Brinkman's prosthetic heart valve has been working for almost seven

years without failure and further that if in fact Mr. Brinkman has sustained emotional damages, they have not been caused by the defendants. The prosthetic heart valve has not malfunctioned or failed to serve the purpose intended, and plaintiffs' claims of emotional distress are not the result of a physical injury or some medically identifiable effect linked to a failure of the prosthetic valve.

In *Houston v. Texaco, Inc.*, 371 Pa.Super. 399, 405, 538 A.2d 502, 504 (1988), the court reiterated the long standing rule in Pennsylvania that there can be no recovery for emotional distress absent attending physical injury. Plaintiffs argue strongly that *Sinn v. Burd*, 486 Pa. 146, 404 A.2d 672 (1979), and *Kazatsky v. King David Memorial Park, Inc.*, 515 Pa. 183, 527 A.2d 988 (1987), support their claim that a cause of action exists for emotional distress alone.

In *Sinn*, the court held that a mother who claimed to have suffered mental distress upon witnessing the violent death of a small child resulting in emotional shock, stated a cause of action. In *Mazzagatti v. Everingham by Everingham*, 512 Pa. 266, 516 A.2d 672 (1986), however, a mother who arrived at the scene of an accident and observed her daughter injured in the street but did not personally observe the accident was not entitled to recover on the theory of negligent infliction of emotional distress. *See also Brooks v. Decker*, 512 Pa. 365, 516 A.2d 1380 (1986); *Yandrich v. Radic*, 495 Pa. 243, 433 A.2d 459 (1981); and *Stoddard v. Davidson*, 355 Pa.Super. 262, 513 A.2d 419 (1986).

The *Kazatsky* case involved the application of § 46 of the Restatement (Second) of Torts which provides: "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." The court acknowledged that the availability of recovery under this section is highly circumscribed. *Kazatsky*, 515 Pa. at 190, 527 A.2d at 991. In *Rinehimer v. Luzerne County Community College*, 372 Pa.Super. 480, 494–95, 539 A.2d 1298, 1305

(1988), the court held the conduct complained of must be "extreme" or "clearly outrageous." In *Bruffett v. Warner Communications, Inc.*, 692 F.2d 910 (3d Cir. 1982), the court held "[a]n action for intentional infliction of emotional distress requires four elements: '(1) the conduct must be extreme, (2) the conduct must be intentional and reckless, (3) it must cause emotional distress, and (4) the distress must be severe.'" *Id.* at 914. Further, in *Cox v. Keystone Carbon Co.*, 861 F.2d 390 (3d Cir.1988), the court held that "[a]s a preliminary matter, it is for the court to determine if the defendant's conduct is so extreme as to permit recovery." *Id.* at 395 (citing *Krushinski v. Roadway Express*, 627 F.Supp. 934, 938 (M.D.Pa.1985) (citing Restatement (Second) of Torts § 46, comment h)).

Cases in which courts have found a sufficient basis for a cause of action for intentional infliction of emotional distress include *Papieves v. Kelly*, 437 Pa. 373, 263 A.2d 118 (1970) (the defendant struck and killed the plaintiffs' son with his vehicle and without notifying the authorities or obtaining medical assistance buried the body in a field where it was found two months later in a decomposed state and subsequently returned to the plaintiffs); *Banyas v. Lower Bucks Hospital*, 293 Pa. Super. 122, 437 A.2d 1236 (1981) (the defendant's employees intentionally fabricated records to suggest that the plaintiff had killed a third party, leading to the plaintiff's indictment for homicide); and *Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265 (3d Cir.1979) (the defendant's team physician stated to the press that the plaintiff was suffering from a fatal disease, although the physician knew the plaintiff was not suffering from the disease). Other cases in which claims of infliction of emotional distress were held to state a cause of action involved persons in special relationships, *e.g.*, physician-patient; landlord-tenant; employer-employee; and family relationships. No special relationship exists here.

In addition, where there is an absence of bodily harm, the conduct is expected to be "sufficiently extreme and outrageous ... [to] guarantee that the claim is genuine ...

if the enormity of the outrage carries conviction that there has been severe emotional distress, bodily harm is not required." Restatement (Second) of Torts § 46, comment k. Whether intentional conduct or reckless conduct is involved, a requisite for liability to be imposed is knowledge on the part of the actor that severe emotional distress is substantially certain to be produced by his conduct. *Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 87 (3d Cir.1987). With these guidelines in mind, the court agrees with defendants statement "[i]t is preposterous to suggest that a manufacturer of a product which is obviously intended to save ... lives ... deliberately engaged in conduct specifically 'calculated to cause emotional distress to some particular person.'" Defendants' Reply Brief at 19 (citation omitted).

Further, the policy considerations set forth by defendants at pages 23 through 34 of their brief in support of the motion for summary judgment and at pages 20 through 26 of their reply brief counsel against permitting such a cause of action under the facts of this case. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the Court held:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Id.* at 322–23, 106 S.Ct. at 2552.

Plaintiffs argue that defendants' motion for summary judgment is premature and they should be permitted additional discovery. The court brings to plaintiffs' attention the requirement of Federal Rule of Civil Procedure 11 which requires that a claim filed in federal court be "well grounded in fact and warranted by existing law." In fact, it has been held that the pending approach of a limitations bar is no excuse for making an inadequate inquiry. *See Southern Leasing Partners, Ltd. v. McMullan*, 801 F.2d 783 (5th Cir.1986). In any event, no amount of discovery can change the significant material facts that (1) the heart valve has not failed to function properly, and (2) plaintiffs' emotional distress is related to the contents of a television show and not from a defective prosthetic valve.

Finally, Count III of plaintiffs' complaint, alleging claims based on the FDCA, affords this plaintiff no relief. Title 21 U.S.C. § 337 specifically states, "All such proceedings for the enforcement, or to restrain violations, of this Act shall be by and in the name of the United States." The FDCA does not create or imply a private right of action for individuals injured as a result of violations of the Act. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

For the foregoing reasons, the defendants' motion for summary judgment will be granted. An appropriate order will issue.