## Mellott v. Slezak

*Timothy M. Volk & James G. Connolly,* for plaintiffs Mellott.

*Howard F. Messer,* for plaintiff Diehl.

*Kathleen Smith-Delach,* for defendant Slezak.

*Julie Fields Sweeney & Donald W. Bebenek,* for defendant Frick.

LOUGHRAN, *J.,* June 5, 1995—The actions arise out of the alleged negligent care and delivery of twins, Kelly Lynn Mellott and William Robert Mellott Jr. born to Paula A. Perini at the Henry Clay Frick Hospital, Mt. Pleasant, Westmoreland County, Pennsylvania, on August 11, 1992. Three lawsuits were filed on this claim. One complaint with the caption *Cheryl E. Diehl, Administratrix of the Estate of William Robert Mellott Jr., Minor, Deceased, and Kelly Lynn Mellott, Minor, Deceased, v. Joseph A. Slezak, M.D., and Frick Hospital and Community Health Center,* was filed in Westmoreland County at no. 6428 of 1994. Defendant filed preliminary objections to this complaint which were ruled upon by the Honorable Daniel J. Ackerman, by order and opinion dated January 9, 1995.

A second complaint, referred to in the Ackerman opinion and captioned *Cheryl E. Diehl, Administratrix of the Estate of William Mellott Jr., Minor, Deceased, and Kelly Lynn Mellott, Minor, Deceased, and William Robert Mellott, by and through their natural parent and guardian, Paula A. Perini and Paula A. Perini, in her own right, v. Joseph A. Slezak, M.D., and Frick Hospital and Community Health Center,* was filed in the Court of Common Pleas of Allegheny County. The Allegheny County claim was transferred to Westmoreland County and now bears the Westmoreland County docket no. 900 of 1995. Defendant Slezak filed preliminary objections to this complaint in Allegheny County which were granted as to change of venue transferring the remaining objections with the action. *Since the claim was transferred to Westmoreland County, de-*

*fendant Slezak requested that the remaining preliminary objections* be considered along with the preliminary objections of Frick Hospital.

These two claims have been consolidated with a third claim, captioned *William Robert Mellott, as parent of William Robert Mellott Jr., Minor, Deceased, and Kelly Lynn Mellott, Minor, Deceased, and in his own right, v. Joseph A. Slezak, M.D. and Frick Hospital and Community Health Center,* filed by and on behalf of William Robert Mellott, the father of the twins.

The consolidated claims were reassigned to this writer. All the preliminary objections were heard on May 4, 1995.

The preliminary objections of the defendant, Frick Hospital, can be summarized as follows:

(a) Defendant makes *"Connor"* type objections to several of the subparagraphs of the plaintiffs' complaint;

(b) Defendant objects to the plaintiffs' claim for negligent infliction of emotional distress;

(c) Defendant objects to the inclusion of funeral expenses as a damage under the survival action; and

(d) Defendant objects to the inclusion of loss of plaintiff decedents' companionship, comfort and services as an element of damages.

The defendant Slezak's preliminary objections are similar to Frick Hospital's and raise the same issues.

At argument the plaintiff has agreed to withdraw the action at no. 6428 of 1994 leaving no. 6550 of 1994 as the surviving action. It was agreed by all parties that a court order would not be necessary and that the same would be accomplished by plaintiff's counsel.

Plaintiff has conceded that Count II of no. 6550 of 1994 should be stricken and that funeral expenses are improperly pled in the survival action and should be

in the wrongful death action. Accordingly, the remaining matters are the *Connor* type objections, the objections to a claim for emotional distress and objections as to the claim for loss of companionship, comfort and services.

The plaintiff concedes that there is no claim for loss of consortium but maintains that a claim for loss of services can still be claimed.

It is well settled under the law of the Commonwealth of Pennsylvania that in a wrongful death action, damages include the value of the decedent's life to the family, as well as expenses caused to the family by reason of the death. *Slaseman v. Myers,* 309 Pa. Super. 537, 455 A.2d 1213 (1983). The Pennsylvania Wrongful Death Statute, 42 Pa.C.S. §8301, compensates the decedent's survivors for the pecuniary losses they have sustained as a result of the decedent's death. This includes the value of the services the victim would have rendered to his or her family if he or she had lived. *Id.* at 549, 455 A.2d at 1220.

Loss of consortium is not a separate and independent element of damages in a wrongful death action. Therefore, a plaintiff cannot maintain an individual cause of action for the loss of consortium of the deceased party. "Such an action is derivative and not free standing." *Linebaugh v. Lehr,* 37 D.&C.3d 305, 307 (1984), *affirmed,* 351 Pa. Super. 135, 505 A.2d 303 (1986). In affirming the trial court's decision, the *Linebaugh* court stated that recovery in a wrongful death action includes damages for the loss of the "decedent's society." *Linebaugh, supra.* This is essentially the same nature as a claim for loss of consortium. To permit a separate item of damages for loss of consortium in addition to the wrongful death damages would in essence, permit double recovery for the same death. There-

fore, a surviving spouse or parent cannot maintain a separate claim for loss of consortium but instead must recover those damages for the loss of the deceased's society through a wrongful death action. *Id.* at 139, 505 A.2d at 305.

In the instant case, the plaintiffs claim in Count I, paragraph 22, damages for the "loss of the plaintiff decedents' companionship, comfort and services . . . ." This request for damages for loss of consortium is made in addition to a request for damages for the pecuniary loss of the plaintiff's decedents and medical and funeral expenses. To the extent that the plaintiff is claiming damages beyond those permitted by the Pennsylvania Wrongful Death Statute, the claim for loss of consortium must fail. Clearly, the case law does not support a separate item of damages recoverable for loss of consortium.

Therefore, an order striking plaintiffs' request for the loss of the "plaintiff's decedents' companionship, comfort and services" will be entered.

The defendants contend that plaintiffs' complaint is objectionable on the basis of *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983). However, a review of plaintiffs' complaint reveals that plaintiffs' pleadings are not in violation of *Connor.*

All the allegations in the plaintiffs' complaint provide sufficient information for the defendant to form a defense. What the defendants appear to demand is that the plaintiffs present all evidence through the complaint. This is clearly not required. The allegations under this category do not come close to the variety found objectionable in *Connor v. Allegheny General Hospital, supra.* Nowhere has the plaintiff simply, and without more, alleged that the defendant "otherwise fail[ed] to use due care and caution under the circumstances" as did the plaintiffs in the *Connor* case. *Id.* at 308,

461 A.2d at 601. There is nothing vague about the plaintiffs' allegations. The allegations do not run afoul of the *Connor* opinion.

A pleading need not, and should not, contain averments of evidentiary facts that will be used to prove the material facts which are required to be included. *Ekrich v. Dinardo,* 283 Pa. Super. 84, 89, 423 A.2d 727, 729 (1980). The motion for a more specific pleading "is not available as a tool to compel an opposing party to plead evidence." *Commonwealth ex rel. Milk Marketing Board v. Sunnybrook Dairies Inc.,* 29 Pa. Commw. 210, 214, 370 A.2d 765, 768 (1977). A pleading should help to narrow the issues and apprise the defendant of what he or she will be required to meet at trial. If a defendant still believes that he or she is unable from the pleadings alone to make adequate preparation for trial, that defendant may resort to the Pennsylvania Rules of Civil Procedure governing discovery.

The last objection that needs to be addressed is to plaintiffs' claim for negligent infliction of emotional distress.

This claim arises out of the alleged negligent care and delivery of twins, Kelly Lynn Mellott and William Robert Mellott Jr. to Paula A. Perini at the Henry Clay Frick Hospital, Mt. Pleasant, Westmoreland County, Pennsylvania, on August 11, 1992. Plaintiffs allege, as a result of the negligence of the defendants in failing to diagnose the plaintiff/mother's condition, the infants/decedents, suffered in utero, and received injuries which resulted in their death.

The plaintiffs maintain that on August 10, 1992, the plaintiff, Paula Perini, was seen by defendant, Slezak, at the Frick Hospital for complaints of pain. The defendants made a diagnosis of intrauterine pregnancy at 26 weeks of gestation. The defendants placed an

external monitor on the plaintiff, and it was determined by agents and servants of the defendants that fetal activity was present, but no signs of active labor. Defendant, Slezak, ordered the monitor to be removed and for the plaintiff to be discharged from the hospital.

On August 11, 1992, at 4:40 p.m., the plaintiff again presented to Frick Hospital in active labor, completely dilated and effaced with bulging membranes. The plaintiff was transferred to the delivery room and prepped for surgery. At 5:10 p.m., defendant, Slezak, performed an amniotomy which revealed a prolapsed cord. At 5:26 p.m., the defendant, Slezak, delivered the newborn female, Kelly Lynn Mellott. After some delay, defendant Slezak determined there was another newborn to be delivered. At 5:30 p.m., defendant Slezak delivered a newborn male, William Robert Mellott Jr.

The plaintiffs' decedents were transferred to Western Pennsylvania Hospital to the neonatal intensive care unit.

William Robert Mellott Jr., died on August 13, 1992 and his sister, Kelly Lynn Mellott, died on August 14, 1992 at Western Pennsylvania Hospital.

The parents contend that as they were in the Mt. Pleasant Hospital where most of the events occurred they qualify to bring such a claim.

The courts of Pennsylvania have for some time recognized a cause of action for negligent infliction of emotional distress. See *Sinn v. Burd,* 486 Pa. 146, 156 n.7, 404 A.2d 672, 677 n.7 (1979). The courts have recognized this action as set forth in the Restatement (Second) of Torts §436, which provides:

"Section 436—Physical harm resulting from emotional disturbance.

"(1) If the actor's conduct is negligent as violating a duty of care designed to protect another from fright or other emotional disturbance which the actor should recognize as involving an unreasonable risk of bodily harm, the fact that the harm results solely through the internal operation of the fright or other emotional disturbance does not protect the actor from liability.

"(2) If the actor's conduct is negligent as creating an unreasonable risk of causing bodily harm to another otherwise than by subjecting him to fright, shock or other similar and immediate emotional disturbance, the fact that such harm results solely from the internal operation of fright or other emotional disturbance does not protect the actor from liability.

"(3) The rules stated in subsection (2) apply where the bodily harm to the other results from his shock or fright at harm or peril to a member of his immediate family occurring in his presence."

The Restatement (Second) of Torts §436(A) further states:

"Section 436(A)—Negligence resulting in emotional disturbance alone.

"If the actor's conduct is negligent as creating an unreasonable risk of causing either bodily harm or emotional disturbance to another, and it results in such emotional disturbance alone, without bodily harm or other compensable damage, the actor is not liable for emotional disturbance."

Comment A to the section explains that:

"Under the rules stated in this section, the negligent actor is not liable when his conduct results in the emotional disturbance alone, without the bodily harm or other compensable damage."

See also, *Sinn v. Burd, supra.*

Pennsylvania courts have thus held that "[n]egligent infliction of emotional distress normally requires physical injury under Restatement (Second) of Torts §436(2)." See *Berardi v. Johns-Manville Corp.,* 334 Pa. Super. 36, 45 n.3, 482 A.2d 1067, 1072 n.3 (1984), and *Herman v. Weiland Chemical Ltd.,* 580 F. Supp. 823 (M.D. Pa. 1984).

Plaintiffs' complaint here avers no physical harm to the parents as a result of any negligence, so they have not stated a cause of action for negligent infliction of emotional distress. Note, *Niederman v. Brodsky,* 436 Pa. 401, 261 A.2d 84 (1970), and *Sinn v. Burd, supra,* both of which discuss this tort; in each case, the opinion states that damages were sought for physical and emotional injury.

Aside from allegations of physical injury as a result of the distress, until 1970, our courts required as an element of the tort that the plaintiff had suffered a physical impact from a *negligent* force. See *Sinn v. Burd, supra* at 153, 404 A.2d at 675-76. While *Niederman v. Brodsky, supra,* altered this rule to the extent of granting a cause of action to a plaintiff within the "zone of danger" of such impact and *Sinn v. Burd, supra,* abolished that requirement where a mother witnessed the violent death of her small child and suffered injuries therefrom, a latter case, *Hoffner v. Hodge,* 47 Pa. Commw. 277, 407 A.2d 940 (1979), emphasizes the narrowness of the holding in *Sinn v. Burd* and *Niederman v. Brodsky.*

In order for a "bystander" plaintiff to recover, the key element in establishing a cause of action for the negligent infliction of emotional distress is to allege the observance of an "identifiable traumatic incident." *Cathcart v. Keene Industrial Insulation,* 324 Pa. Super.

123, 150, 471 A.2d 493, 507 (1984). In *Cathcart,* a shipyard worker and his wife filed an action against several defendants to recover for the alleged personal injuries relating to the husband's contraction of asbestosis. The wife included a claim for the negligent infliction of emotional distress on the basis that she witnessed her husband developing the disease. The court held that a cause of action for emotional distress negligently caused to a bystander would not be permitted unless the bystander observed an identifiable traumatic event. The Superior Court, sitting en banc, affirmed the lower court's order dismissing the wife-plaintiff's claim for negligently causing emotional distress for failure to allege any sensory or contemporaneous observance of an identifiable event.

In *Hoffner v. Hodge, supra* at 281, 407 A.2d at 942, the Commonwealth Court affirmed the denial of a claim for negligent infliction of emotional distress, which was based on allegedly negligent surgery performed on a child. The court, citing *Sinn, supra,* held that "[t]he traumatic impact from viewing the negligent injury in one's close relative is wholly absent in this case."

In *Brooks v. Decker,* 512 Pa. 365, 369, 516 A.2d 1380, 1382 (1986), the Pennsylvania Supreme Court stated that, if it were to hold that all emotional trauma causally connected to a defendant's tortious conduct was actionable, then it would "reek [sic] upon our society a problem of unlimited or unduly burdensome liability." The Supreme Court further held that "bereavement and grief caused by the fact of injury to another" are not compensable items of damages. *Id.* at 370, 516 A.2d at 1382-83.

In *Wall by Lalli v. Fisher,* 388 Pa. Super. 305, 565 A.2d 498 (1989), the Pennsylvania Superior Court held that a necessary element of the right of a parent to

recover on a claim for the negligent infliction of emotional distress for witnessing tortious conduct which caused injury to a child is physical harm or injury to the parent resulting from the distress. The court concluded that the element of physical harm or injury is a necessary element for a parent to recover on a claim for the negligent infliction of emotional distress.

A panel of the Pennsylvania Superior Court revisited the issue of when a bystander may recover for negligent infliction of emotional distress in the case of *Love v. Cramer,* 414 Pa. Super. 231, 606 A.2d 1175 (1992). In *Love,* the daughter-plaintiff asserted a claim against a physician for emotional harm allegedly suffered as a result of witnessing the physician's alleged negligence and her mother's resulting death. The *Love* court commenced its analysis by affirming the three criteria for maintaining a cause of action for negligent infliction of emotional distress set forth in *Sinn, supra.*

The court further recognized that a person who does not experience a sensory and contemporaneous observance of the injury does not state a cause of action for negligent infliction of emotional distress.

In *Krysmalski by Krysmalski v. Tarasovich,* 424 Pa. Super. 121, 622 A.2d 298 (1993), the Pennsylvania Superior Court was again faced with the issue of whether a mother's claim for negligent infliction of emotional distress which resulted from witnessing horrible injuries to her children when they were hit by the defendant who drove his car onto the sidewalk in front of a supermarket was supported by the evidence. The three minor plaintiffs had been waiting for their mother in a parking lot of the supermarket. The defendant was driving his vehicle in what the court described as "a life threatening and reckless manner" and crashed his vehicle through a concrete barrier at the entrance of

the store, striking the children. Upon hearing the commotion, the children's mother ran to the scene only to discover that her children had been injured in the accident. An award was given by the jury for the mother's claim for the negligent infliction of emotional distress.

In post-trial motions, the defendant alleged that there had been insufficient evidence presented to support the claim for emotional distress and therefore, the verdict was against the law. The defendant's argument was based upon three assertions: (1) the mother failed to suffer physical harm in conjunction with her emotional distress; (2) there was no medical evidence introduced to substantiate the claim; and (3) the mother did not witness the accident and did not become aware of it until after the fact and therefore, there was sensory and contemporaneous observance of the act.

The Superior Court held that the defendant's arguments were without merit and affirmed the award of damages to the mother's estate for the negligent infliction of emotional distress. The court concluded that sensory and contemporaneous observance is not limited to *visual* sensory perception and that the focus is not on the source of the award but is rather the degree of the award as arising from all of the individual senses and memory which is determinative of whether plaintiff's emotional shock resulted from a sensory and contemporaneous observance of the accident. The court also found that there was testimony presented at trial that the mother had suffered shock and was unstable, distraught and hysterical following the incident.

In the instant case, plaintiffs have failed to allege the contemporaneous observation of a negligent omission or commission on the part of any of the defendants. The plaintiffs allege only that they observed the effects

of the defendants' alleged negligent acts and alleged negligent omissions. Further, the plaintiffs do not allege that they have, in fact, suffered ongoing or permanent physical manifestations of the alleged emotional distress. As the complaint presently reads, the plaintiffs are making a claim for grief. Grief, in and of itself, is not a compensable item of damage.

It is clearly to be expected that family members will suffer mental anguish and distress when a loved one dies. It is equally to be expected that family members will suffer mental anguish and distress immediately after the death of a loved one and well beyond that time. This is a normal human response to death. However, to permit recovery for such normal bereavement, grief, anxiety and mental anguish would allow a claim for emotional distress in almost every case. In the opinion of this court the plaintiffs' claim for emotional distress must be stricken.

## ORDER

And now, to wit, June 5, 1995, after review and careful consideration of the within matters, it is hereby ordered, adjudged and decreed that the following objections of the defendants are sustained and it is hereby ordered that Count II of no. 6550 of 1994 is hereby stricken and any claim for funeral expenses in the survival actions filed by plaintiffs are stricken; that any claims for loss of the plaintiffs' decedents' companionship, comfort and services is hereby stricken; and that plaintiffs' claims for negligent infliction of emotional distress are stricken. All other preliminary objections of the plaintiffs are denied.