**ANTHEM CASUALTY INSURANCE COMPANY, Appellant**

v.

**William P. MILLER and Gloria Fay, Appellees.**

Superior Court of Pennsylvania.

Argued March 4, 1999.
Filed May 5, 1999.

Timothy J. Burdette, Pittsburgh, for appellant.

William M. Radcliffe, Uniontown, for Fay, appellee.

Before JOHNSON, FORD ELLIOTT, and ORIE MELVIN, JJ.

JOHNSON, J.:

¶ 1 Anthem Casualty Insurance Company (Anthem) appeals from the order entering summary judgment in favor of Gloria Fay. We affirm.

¶ 2 On July 3, 1997, Anthem commenced the instant declaratory judgment action to determine, among other things, whether William P. Miller's automobile insurance policy with Anthem covers Fay's claim for negligent infliction of emotional distress. Fay's claim arises out of an automobile accident that occurred in January 1996 in Stewart Township, Fayette County, Pennsylvania, when Miller's auto struck Fay's husband Daniel while he was standing beside his parked vehicle. Fay was sitting inside the vehicle when her husband was struck. She suffered no immediate physical injuries. Fay's husband, however, died as a result of his injuries.

¶ 3 At the time of the accident, Miller's automobile insurance policy with Anthem had a liability limit of $25,000 per person and $50,000 per occurrence. Fay, as administratrix of her husband's estate, made a claim against Miller for her husband's death, which was settled for the policy's $25,000 per person liability limit. Fay then presented Anthem with a claim for the emotional distress that she allegedly sustained from observing the accident. Fay asserted that her emotional distress constituted a separate bodily injury under the policy. Thereafter, Miller assigned his rights under the policy to Fay.

¶ 4 After Anthem filed the instant declaratory judgment, Anthem then filed a motion for judgment on the pleadings, arguing, among other things, that Fay's claim for negligent infliction of emotional distress was not a bodily injury that would trigger coverage under Miller's policy with Anthem. In February 1998, the trial court

denied Anthem's motion as it pertained to Fay's emotional distress claim. Subsequently, Fay filed a motion for summary judgment, based on the trial court's February 1998 order, requesting the court to declare that Anthem has the duty to defend and indemnify Miller for Fay's claim for negligent infliction of emotional distress. The court granted this motion. Anthem filed this timely appeal.

¶ 5 On appeal, Anthem raises only one issue for review:

  I. Is the wife's claim for negligent infliction of emotional distress arising out of the same motor vehicle accident in which her husband was killed subject to the same "per person" liability as the claim which she presented to the other driver's liability insurer as administratrix of her husband's estate?

Brief for Appellant at 4.

¶ 6 Our standard of review of appeals from orders granting summary judgment is well settled:

  When presented with a challenge to an order granting summary judgment, we view the record in the light most favorable to the non-moving party, resolving all doubts as to the existence of a genuine issue of material fact against the moving party. Concerning questions of law, our scope of review is plenary. We are not bound by a trial court's conclusions of law; instead, we may draw our own inferences and reach our own conclusions.

*Borden, Inc. v. Advent Ink Co.*, 701 A.2d 255, 258 (Pa.Super.1997) (citations omitted).

■ ¶ 7 Anthem first argues that Fay's claim for negligent infliction of emotional distress does not constitute a separate bodily injury under the policy. Specifically, Anthem contends that Fay can recover for her claim of emotional distress only if her emotional distress constitutes bodily injury that is separate and distinct from the bodily injuries sustained by her husband. Anthem concludes, without discussion, that it does not. Because Fay's

injuries arose out of the bodily injury sustained by her husband in a single accident, Anthem further concludes that Fay's claim "is logically derivative of her husband's underlying bodily injury and the per person liability limit of $25,000.00 is the maximum liability coverage available for all damages flowing from Mr. Fay's fatal injuries, including Mrs. Fay's emotional distress." Brief for Appellant at 11. Anthem asserts that Fay's claim for emotional distress is analogous to a claim for loss of consortium, which Pennsylvania law treats as a derivative claim. The trial court disagreed and determined that Fay's claim was separate from her husband's estate claims. We agree. Anthem's position is contrary to prior law.

■ ¶ 8 In *Sinn v. Burd*, 486 Pa. 146, 404 A.2d 672 (1979), our Supreme Court was presented with the question of whether to permit recovery for emotional distress by a plaintiff who, while outside the zone of danger, witnessed an automobile accident that caused serious injury to a close relative. The Court determined that such a cause of action exists if the infliction of emotional distress was reasonably foreseeable. *Id.* at 169–70, 404 A.2d at 684–85. In *Brooks v. Decker*, 343 Pa.Super. 497, 495 A.2d 575, 576 (1985), *aff'd*, 512 Pa. 365, 516 A.2d 1380 (1986), a child, while riding his bicycle, was struck by an automobile. The father, however, did not witness the accident, but subsequently arrived at the scene and observed his son's injuries before his son was taken to the hospital. We rejected the father's argument that he could rely upon the separate tort claim of his son to meet the threshold requirements for the father's claim of negligent infliction of emotional distress. There we stated: "The father's claim for emotional distress is a separate cause of action; it is not derivative of the son's right to recover for his injuries." *Id.* at 576. Thus, a claim for negligent infliction of emotional distress does not arise from the injuries sustained by the victim, but rather it arises from the *witnessing* of the *accident. See Sinn*, 486 Pa. at 158–59, 404 A.2d at 678–79 (recognizing that "a causal link between psychic

injuries suffered by the bystander and the shock or fright attendant to having witnessed the accident" can now be established due to advancements in medical science).

¶ 9 Although Anthem cites several cases to this Court, none of the cases involve claims for negligent infliction of emotional distress, but instead involve claims for loss of consortium as a result of injuries sustained by a spouse in an automobile accident. Consequently, Anthem's contention that Fay's claim for negligent infliction of emotional distress is a derivative action must fail.

¶ 10 Anthem also argues that because Fay's claim for emotional distress is not a separate bodily injury covered by Miller's policy with Anthem, but instead arises from the injuries sustained by her husband, Anthem has no duty under the policy to defend Miller against Fay's emotional distress claim. Because we have determined that Fay's claim is a separate claim, not derived from her husband's underlying bodily injury, we need not reach the merits of this issue.

¶ 11 Based on the foregoing, we affirm the order granting summary judgment entered July 23, 1998.

¶ 12 Order AFFIRMED.